IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY POPE, | * |
| | * |
| Petitioner | * |
| | * CRIMINAL NO. PJM-03-104 |
| v. | * CIVIL NO. PJM-06-2413 |
| | * |
| UNITED STATES OF AMERICA | * |
| | * |
| Respondent | * |

* * * * * * * * * * * *

### MEMORANDUM OPINION

Pro se petitioner Anthony Pope has filed a Motion to Vacate, Set Aside, or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed an Opposition to same. For the reasons set forth below, the Court DENIES the Motion.

On January 15, 2004, Pope pled guilty to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). According to the terms of his plea agreement, Pope waived most of his rights to appeal, reserving primarily "the right to appeal any decision by the Court concerning whether or not the defendant is a career offender pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4B1.1."

The issue of Pope's career offender status was vigorously contested at his sentencing hearing. Though Pope's counsel conceded that Pope had two predicate offense convictions, one for robbery with a deadly weapon in 1993 and one for unlawful possession with intent to distribute in 1999, she argued that classifying Pope as a career offender overrepresented his criminal history. The Court rejected this argument, noting that Pope, 30 at the time of sentencing, had been continuously involved in criminal activity since the age of 15. Thus,

1

applying the career offender enhancement, the Court sentenced Pope to 262 months in prison and five years of supervised release. On appeal, the Fourth Circuit affirmed. Pope's subsequent writ of certiorari to the United States Supreme Court was denied.

On September 18, 2006, Pope filed this instant Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255. He asserts three errors based on the Court's determination that he was a career offender. First, he contends that his prior conviction for possession with intent to distribute fails to qualify as a predicate conviction because he did not serve a term of imprisonment for the offense. Second, relying on *United States v. Booker*, 543 U.S. 220 (2005), he argues that the Court impermissibly enhanced his sentence based on prior convictions that were not alleged in the Indictment, were not admitted by him, and were not found by the jury beyond a reasonable doubt. Third, he claims that the Court erroneously relied on his state conviction for robbery to qualify him as a career offender because *Bradshaw v. Stumpf*, 545 U.S. 175 (2005) rendered that conviction constitutionally invalid.

I.

The Court first considers the contention that because Pope was not imprisoned for his 1999 conviction for possession with intent to distribute, the offense does not qualify as one of the two predicate felony convictions needed to trigger career offender enhancement. The Court accepts that, with respect to this offense, Pope was sentenced to two to six years incarceration, suspended, and 18 months probation.

Three criteria must be satisfied to find career offender status: (1) the defendant must have been at least 18 years old when he committed the offense for which he is being sentenced; (2) the current offense conviction must be for either a crime of violence or a controlled substance

offense felony; and (3) the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Only the last of these requirements is in issue here.

"Prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless. . . of the actual sentence imposed.*" U.S.S.G. § 4B1.2, comment, n.1 (emphasis added). This definition makes clear that the relevant inquiry is whether it was <u>possible</u> for the defendant to receive a sentence of imprisonment exceeding one year, not whether imprisonment was actually imposed. Pope's 1999 conviction for possession with intent to distribute plainly satisfies this requirement.

Whether or not a term of imprisonment was actually imposed is only relevant to concerns of the age of the conviction in determining predicate offenses. Under U.S.S.G. § 4A1.2(e), only convictions that fall within certain time periods may be used in determining career offender status: "(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. . . (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e). The term "sentence of imprisonment" in U.S.S.G. § 4A1.2(e)(1) refers only to the portion that was not suspended. U.S.S.G. § 4A1.2(b)(2).

Pope likens his case to *United States v. Romary*, where the Fourth Circuit held U.S.S.G. § 4A1.2(e)(1) inapplicable because the defendant's original ten year sentence for a 1987 breaking and entering conviction had been suspended. 246 F.3d 339, 342-43 (4th Cir. 2001). But in *Romary*, the sentence for the predicate offense was imposed more than 10 years prior to

3

the defendant's instant offense conviction in 1999, in violation of U.S.S.G. § 4A1.2(e)(2). *Id* at 343. As in *Romary*, Pope's 1999 sentence for possession with intent to distribute was suspended in its entirety. However, Pope's prior sentence - in 1999 - was imposed five years before the instant sentence in 2004. There any similarity of Pope's case with *Romary* ends.

Accordingly, Pope's 1999 sentence qualifies as one of the two predicate felony convictions necessary to qualify him as a career offender. Indeed, Pope's counsel conceded this point at both the sentencing hearing and before the Fourth Circuit on appeal. Sen. Tr. p. 5, lines 14-16 ("[Pope] has two prior predicate offenses. The one is robbery and the second one is for possession with intent to distribute"), *United States v. Pope*, 136 Fed. Appx. 565, 568 (4th Cir. 2005) ("Pope concedes that he has two prior qualifying convictions").

II.

Pope next argues that his sentence should be vacated because, in determining that he was a career offender, the Court enhanced his sentence based on prior convictions that were not alleged in the Indictment, admitted by him at trial, or found by the jury beyond a reasonable doubt. The apparent claim is that *United States v. Booker*, 543 U.S. 220 (2005) renders the "prior conviction exception" articulated in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) invalid. Pope advanced essentially the same argument on appeal to the Fourth Circuit. For the same reasons it was rejected there, it is rejected here.

Directly contrary to his contention before this Court, the Fourth Circuit determined on Pope's appeal that *Booker* reaffirmed the *Almendarez-Torres* prior conviction exception. In an unpublished opinion, the Fourth Circuit indicated that Pope's "argument is foreclosed" because "the exception is still good law." *United States v. Pope*, 136 Fed. Appx. 565, 568, n. 3 (4th Cir.

2005). The Fourth Circuit quoted the following passage from *Booker*: "Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* (*quoting Booker*, 543 U.S. at 244) (emphasis in original). Moreover, the Fourth Circuit has elsewhere explained that "it is abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." *United States v. Cheek*, 415 F.3d 349, 354 (4th Cir. 2005). Pope's *Booker* claim is without merit.

III.

Finally, Pope claims that the Court's reliance on his state robbery conviction for purposes of career offender enhancement was erroneous because the conviction is constitutionally invalid by reason of *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). In *Bradshaw*, the Supreme Court held that the defendant's guilty plea was not knowingly and voluntarily given because he had not been informed of each element of the crime for which he was charged. Pope contends that he was similarly uninformed.

In *Daniels v. United States*, the Supreme Court considered whether "after the sentencing proceeding has concluded, the individual who was sentenced may challenge his federal sentence through a motion under 28 U.S.C. § 2255 on the ground that his prior convictions were unconstitutionally obtained." 532 U.S. 374, 376 (2001). The Court held that, "as a general rule, he may not." *Id.* While the judicial system provides numerous opportunities for defendants to challenge their convictions, there exists a "presumption of regularity that attaches to final

5

judgments, even when the question is waiver of constitutional rights." *Id.* at 381 (*quoting Parke v. Raley*, 506 U.S. 20, 29 (1992)). Thus, a prior conviction that has not been set aside by the time of federal sentencing "is presumptively valid and may be used to enhance the federal sentence." *Id.* at 382.

Insofar as Pope wishes to pursue this claim, it is clear that this Court is an inappropriate forum in which to do so. The Fourth Circuit has stated that the thrust of *Daniels* was that "litigants should not bypass state courts to litigate the facts underlying their state convictions during challenges to a federal sentencing determination." *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003). The proper procedure is for the petitioner to "first initiate a separate proceeding challenging the validity of their state court convictions." *Id.* If the challenge to the underlying conviction is successful, "the defendant may then apply for reopening of his federal sentence." *Daniels*, 532 U.S. at 382. Whether or not a petition to the state court would still be timely remains to be seen. As things stand, however, this Court is not the place to seek invalidation of the state robbery conviction.

IV.

For the foregoing reasons, Pope's Motion to Vacate, Set Aside, or Otherwise correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. A separate order WILL ISSUE.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 12, 2007